## Case No. 5,191a.

GALE MANUF'G CO. v. PRUTZMAN et al.

[5 Ban. & A. 154:[1] 17 O. G. 743.]

Circuit Court, W. D. Michigan. Feb. 11, 1880.

Sprague & Hunt, for complainant.
Walker & Kent, for defendants.

WITHEY, District Judge. This is a bill for the alleged infringement of reissued letters patent [No. 6,824] of date December 28th, 1875,[2] to Horatio Gale, for an improvement in the attachments to ploughs, and consists principally in the construction and arrangement of the various parts. The letters patent cover three claims, which are stated as follows: "What I claim as my invention is: 1. In combination with the standard of a plough, a horizontally-projecting arm carrying a jointer, for the purposes set forth. 2. In combination with the serrated standard A, the curved arm C, carrying the jointer D,

[Drawings of reissued patent No. 6,824, published from the records of the United States patent office.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]
[2] [The original patent, No. 147,629, was granted to Horatio Gale, February 17, 1874.]

substantially as and for the purposes set forth. 3. The combination, with a plough-standard, of the jointer D, having arm C, and vertically adjustable upon said standard, substantially as described."

The claim of infringement urged at the hearing was confined to the first clause. In order to understand what is embraced by this claim we must consider it in connection with the specification and description given by the patentee. He says: "The nature of this invention relates to improvements in the attachment of jointers to the standards of ploughs, and consists, principally, in the construction and arrangement of the various parts, so that the same are more readily adjusted vertically."

In describing the drawing, the patentee says: "This arm is curved, as shown, in order to bring the jointer into its proper position over the plough-point to readily cut the sward."

What, then, is the combination covered by the first clause of the claim? It is an arm attached at one end to the standard of a plough, carrying at the other end a jointer, and projecting horizontally on the land-side of the plough. The arm is curved so as to bring the jointer into its proper position over the plough-point, and has vertical adjustability at the point of contact with the standard, by which the depth of the cut made by the jointer is regulated. In other words, that which is combined is the standard of a plough, the curved projecting arm carrying a jointer, and adjustability, and this is done "for the purposes set forth." The patentee states that his construction and arrangement of the parts are to secure more ready vertical adjustability of the jointer, and to prevent clogging by stubble and weeds, which had previously occurred from the attachment of the jointer to the beam of the plough.

The alleged infringement consists in the manufacture and sale, by defendants, of a plough to the standard of which is attached an arm carrying a jointer, and having a projection, and occupying the position substantially as described in the Gale patent. The jointer is adjusted vertically upon the lower end of the arm, whereas in the Gale patent it is adjusted vertically upon the standard of the plough.

Defendants say that plaintiff's combination is not patentable, as being too abstract, or a claim for all ways of connecting jointer and standard. It is also claimed that plough colters and jointers had been used for more than three years anterior to plaintiff's patent in connection with the standard of ploughs; that attaching jointers to the standard is not a useful improvement, save when the beam of the plough is adjustable, and that the only claim of usefulness in complainant's patent is the prevention of clogging by means of the throat formed by the curved arm.

After such consideration as we have been able to give the case, we are of opinion that the prima facie presumption in favor of the validity of the Gale patent, assigned to plaintiff, has not been overcome. In brief, we conclude, that while attachment of colters to the standards of ploughs is much older than Gale's invention, which excludes the idea of originality in the mere attachment of jointers thereto, and that none of the elements of his combination were new at the date of his patent, still his combination was new, was invention, and produced new and useful results. In taking this view, we regard the construction and arrangement covered by Gale's letters patent as combination of the standard of a plough with the horizontally projecting and curved arm carrying a jointer, and vertical adjustment, for the purposes set forth. As all the parts were before known, the invention consists in such combination of them as produced a new and useful result. There would be no infringement of such combination unless defendants used all the parts or elements. This we have already indicated they have done. They have employed the horizontally-projecting curved arm attached to the plough standard, carrying a jointer, and vertical adjustability. Adjustability is secured at the lower end of the arm instead of at the standard. They employ, therefore, all the elements and the combination of the Gale patent with barely one difference—viz., the points at which the vertical adjustment is made being changed from the standard to the lower end of the arm. In the Gale patent, the slot is in the standard of the plough; defendants place it in the lower end of the arm. We regard this as producing the same result in substantially the same way.

Let decree for complainant be entered.